George Brass
Name
High Desert State Prison
P.O. Box 650
Indian Springs, NV 89070
Prison Number 1045449

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
***

George Brass,
Plaintiff

vs.

The State of Nevada ex Rel The NDOC, Charles Daniels, Dir. of the NDOC; The Medical and Nursing Directors of the NDOC, and HDSP, The NDOC Utilization Review Panel; and Does 1-10 inclusive,
Defendant(s).

Case No. 2:21-cv-00074-RFB-VCF
(Supplied by Clerk of Court)

**CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983**

## A. JURISDICTION

1) This complaint alleges that the civil rights of Plaintiff, George Brass (print plaintiff's name), who presently resides at High Desert State Prison ("HDSP"), were violated by the actions of the below-named individuals that were directed against Plaintiff at HDSP / Indian Springs, NV (institution/city where violation occurred) on the following dates: 2019 to Present (Claim 1), 2019 to Present (Claim 2), and 2019 to Present (Claim 3).

**Make a copy of this page to provide the below information if you are naming more than five (5) defendants**

2) Defendant State of Nevada ex rel NDOC resides at 5500 Snyder Ave, Carson City NV 89702, and is
(full name of first defendant) (address of first defendant)

employed as NDOC (state agency) operates Nevada's prisons. This defendant is sued in his/her
(defendant's position and title, if any)

N/A individual X official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: The State of Nevada and NDOC required under Federal and State law (8th Amend and cases interpreting same - including but not limited to Plaintiff's serious medical condition(s)) to provide adequate medical care.

3) Defendant(s) ① NDOC Defendants resides at Same as 2) supra, and is
Charles Daniels, medical and nursing Directors, URP members

employed as NDOC Administrative/medical officials, Health Care Providers, other(s). This defendant is sued in his/her

X individual X official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: Same as 2), supra. In addition, Medical Defendants/Providers have additional obligations and responsibilities as health care providers pursuant to state, federal, professional and licensing laws, rules, and regulations.

4) Defendant(s) ② HDSP Defendants resides at 22010 Cold Creek Road Indian Springs, NV 89018, and is

employed as Same as 3) supra. This defendant is sued in his/her

X individual X official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: Same as 2) and 3) supra

①+② Plaintiff will need to Amend or Supplement this Complaint once the true Names, titles, and other identifying information and relevant Facts are learned through discovery or other means

5) Defendant(s) Does 1-10, inclusive resides at Unknown at this time, and is employed as Unknown at this time. This defendant is sued in his/her X individual X official capacity. (Check one or both.) Explain how this defendant was acting under color of law: See 2), 3), and 4). Plaintiff will seek leave to Amend this Complaint as set forth in footnotes (1) + (2) at p. 2, supra.

6) Defendant Not Applicable ("N/A") resides at N/A, and is employed as N/A. This defendant is sued in his/her N/A individual N/A official capacity. (Check one or both.) Explain how this defendant was acting under color of law: N/A

7) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional statutes, list them below.

8th Amendment to the U.S. Constitution and those cases interpreting same as well as those defining deliberate indifference

## B. NATURE OF THE CASE

8) Briefly state the background of your case.

Plaintiff George Brass ("Brass") files this Complaint to seek relief and damages as a result of Defendants' deliberate indifference to his serious medical conditions (1) compressed spine (claim one); (2) nerve damage to both hands (claim two), and failures to provide medications and recommended care (claim three). As a result Brass's 8th Amend. Rights have, and continue to be violated, causing him damage, pain, and suffering.

## Facts Common to All Claims

Plaintiff George Brass (hereinafter "Brass") is an inmate incarcerated at HDSP which has, and continues to be on a modified lockdown due to the Covid-19 pandemic.

Brass specifically brings this Complaint as to the actions, inactions, failures and deliberate actions of the Defendants from 2019 to the present as reflected in his medical files, grievances, kites and other communications (such as from Brass's family, friends, outside counsel, case worker(s), custody staff and others) to NDOC/HDSP official's, staff and Defendants.

These communications are contained in Brass's medical files, Institutional or "I" file, Central or "C" file, and on NOTIS (Nevada Offender Tracking Information System) none of which are accessible to Brass. Similarly, Brass is informed and believes the outside medical care provider records also substantiate the allegations contained in this Complaint.

Without access to these records, which will take an order of this Court, Brass cannot fully and accurately identify all the facts, witnesses, documents and other evidence needed to draft this Complaint and will seek leave to amend once the Court allows him access. NDOC regulations prohibit inmates from possessing medical records without a Court order.

As further set forth in the following claims, Brass has been dealing with the effects of a compressed cervical spine (claim one), nerve damage to both hands (claim two), and failures to provide medications and recommended care (claim two). The continued delay(s) in surgery only makes the symptoms worse, increasing pain, suffering and the likelihood that the nerve damage could become permanent. The denial, delay and running out of prescribed medications exacerbates the situation. The combined effect on Brass is loss of function, decrease in ability to perform daily activities without pain, suffering, or at all.

Brass further alleges he has either exhausted all of the issues raised in this Complaint and/or in the alternative, is asking that he be excused from a grievance procedure that is futile. Furthermore, Brass alleges that the NDOC and HDSP's failure to comply with the time limits of its own Administrative Regulations as to Grievances (responses to Informal Grievance, 45 days; 1st level, 45 days; and 2nd level, 60 days) acts as a waiver of the defense of failure to exhaust.

The failure to properly administer the grievance process also frustrates Brass's ability to timely exhaust as to have his issues informally resolved or exhausted as to seek review by a Court and intervention and relief for claims that if not addressed, supra, can and will cause further pain, suffering, and damage.

C. Causes of Action

CLAIM 1: Compressed spine

The following civil rights have been violated: 8th Amendment Prohibition Against Cruel and Unusual Punishment. Defendants also deliberately indifferent to Plaintiff's serious medical condition.

Supporting Facts:

Brass incorporates pp 1-3, 3(a)(b) as though fully set forth herein.

On or about March of 2019 Brass noticed he began having trouble performing daily tasks as he experienced pain in his back and neck.

As the pain became worse and effected him more and more he began the process of seeking medical care in writing (kites at first and then grievances), electronically (by a kiosk system no longer in use) and in person to medical staff who are in the unit to deliver medications at what is referred to as pill calls.

With access to his medical records, Brass is informed and believes the following, a timeline of relevant events.

On or about March 19, 2020, Brass was taken to Valley Hospital who ordered an MRI to diagnose his condition.

During the month of April 2020:

- On April 19, 2020 the Defendants discontinued the medication buckafen
- On April 20, 2020 Brass has X-rays and blood tests at HDSP
- On April 24, 2020 Brass taken to Valley Hospital and told he needed an MRI and Cat Scan
- On April 29, 2020, Brass requested emergency care ("man down") and taken to Sunrise Hospital - no neurologist available

On or about May 5, 2020 Brass went man down and had a

Claim One Contined

consultation with HDSP provider Rio, who, incredulously, despite test results and examinations to the contrary suggested Bruss could feign his condition.

On or about June 2 2020 Bruss had an MRI scan done of his head, cervical spine and lumbar region.

On June 15, 2020 Bruss had his blood drawn at HDSP and also had his medications (muscle relaxers) discontinued.

On June 23, 2020, Bruss met with Rio to discuss the MRI results which showed a compressed spine.

On July 17, 2020, Bruss completed and submitted a pre-surgical packet.

On July 29, 2020, Bruss was transported ~~late~~ to a surgical consult at Valley Hospital which was cancelled.

On August 10, 2020 Bruss was required to complete a new packet for surgery with a different surgeon.

On August 13, 2020 Bruss was transported late to the surgical consult which was cancelled.

On or about August 14, 2020 Bruss was approved for surgery.

Bruss initiated oral, written, and other methods (outside assistance) to find out why he wasn't being sent out for surgery.

On October 12, 2020 Bruss received physical therapy.

On October 21, 2020 Bruss was taken to a hand specialist who informed him of the nerve damage to both hands, carpal tunnel, and the need for surgery. See, Claim Two, pp 5, 5(a).

Bruss again initiated oral, written, and other methods, supra, to find out why he wasn't being sent out for surgery or surgeries.

On or about December 9, 2020, Bruss was instructed to discontinue certain medications, food, and otherwise prepare for surgery in two days.

Bruss initiated oral, written, and other methods, supra, to find out why he isn't being transported for surgery or surgeries.

Claim One Continued

As Brass's condition continues to deteriorate, the symptoms of his compressed cervical spine became worse. Brass also has to deal with the knowledge that a compressed cervical spine can, without intervention and treatment, lead to paralysis. Some of the symptoms, include but are not limited to numbness and tingling in limbs and extremities, difficulty walking, moving, sitting (including for a bowel movement), sleeping and debilitating pain and suffering.

Defendants, and each of them, are responsible for the pain, suffering, and damage caused to Brass.

Brass is informed and believes, and thereupon alleges, that his compressed cervical spine would not require surgical intervention and possible irreversible and permanent damage with earlier intervention and treatment.

Furthermore, the violation of Brass's 8th Amendment Rights is the direct result of policies the Defendants' were and are aware of before, during, and after Brass's was discovered to have a compressed cervical spine, and still exist.

The State of Nevada ex rel the NDOC, the NDOC Director and the other named Defendants are well aware of the problems with understaffing at HDSP, the largest NDOC facility (approximately 4,000 inmates) has 4 wardens, yet only one doctor (M-Th daytime only); the failure and untimely response, if any, to requests for treatment, refills, emergency care, and assistance; grievances ignored, delayed, and denied such that it prevents medical issues from being addressed, and as to Brass, actively interfered with diagnosis, continuity of care and treatment plans brought to the Defendants attention through kites, grievances, in person and in writing.

This Deliberate indifference is a violation of Brass's 8th Amendment Rights and entitles him to the damages and other relief found in section "D", page 9 of this Complaint.

CLAIM 2: Nerve Damage Both Hands

The following civil rights have been violated: 8th Amendment Prohibition Against Cruel and Unusual Punishment. Defendants also deliberately indifferent to Plaintiff's Serious Medical Condition.

Supporting Facts:

Brass incorporates pp 1-3 (and subparts), 4 (and subparts), as though fully set forth herein and to that adds the following:

As discussed in claim one, supra, Brass only became aware of the nerve damage to his hands when he was transported to meet with a surgeon (different doctor than the one he met with as to his compressed spine) who advised Brass he suffered from nerve damage and carpal tunal that had progressed to the point that it would require surgery. This was in ~~October~~ of 2020.

Prior to the consultation with the surgeon in August of 2020 the condition as to his hands was not revealed in consultations with the Defendants who either intentionally concealed the results of diagnostic testing or prescribed him medications that would mask the condition, not treat it, causing further damage and loss of function.

Since the diagnosis, surgical consultation, Brass has sent requests for treatment, medications and surgery (kites), grievances, and sought outside assistance to determine why the delay in his surgery, which has been from ~~October~~ 2020 to present, almost ~~three~~ (3) months.

Since the condition(s) effect both of his hands, it adversely impacts every aspect of his ability to function including, but not limited to hygene, lifting and moving objects, writing, and just about any activity that involves the use of his hand or hands.

As the condition progressively gets worse, Brass is reminded

that the surgeon advised him in October that the damage diagnosed back then could have been prevented if caught sooner.

The Defendants had the opportunity to examine Brass, and to evaluate the diagnostic tests, and outside provider interpretation and reports, as to prevent the damage finally revealed to Brass in October of 2020, and which may be irreversible and permanent with the delay in surgery.

Brass therefore specifically brings claim 2 as to his hands for the actions, failures and deliberate indifference of the Defendants from 2019 to the present. As to the failure, refusal and delay in providing proper, timely treatment and follow up care which has caused and continues to cause further damage, pain and suffering, interferes with Brass's ability to function, and exacerbates his other medical condition

Brass is not a doctor or trained medical professional. The outside providers (Sunrise Hospital, Valley hospital, the diagnostic imagining and surgical consults) records, reports and other documents will substantiate further Brass's claims that the failure to provide him care for his serious medical conditions (in all forms) was, and is, deliberate indifference entitling him to damages and other relief.

CLAIM 3: Failure to provide medications and recommended care

The following civil rights have been violated: 8th Amendment Prohibition Against Cruel and Unusual Punishment. Defendants also deliberately indifferent to Plaintiff's serious medical condition

Brass incorporates pp 1-3 (and subparts), 4 (and subparts) and 5 (and subparts) as though fully set forth herein and to that adds the following:

As set forth in Claim One and Claim Two, Brass was prescribed medications, diagnostic tests, therapies, and was approved for surgery for both conditions.

As set forth in the facts common to all claims, Brass will need Court ordered access to his medical records and other files to set forth the facts, witnesses, documents and other evidence to support this claim. Therefore, on information and belief Brass alleges as follows:

Prior to being referred out to outside of the prison specialists, Brass was alternatively prescribed muscle relaxers and other medications that were denied, delayed, and/or allowed to run out or expire denying him care, treatment and the infliction of pain suffering and further damage.

Kites, oral requests, and then grievances were either unresponded to, denied, or delayed as to result in a disruption in continuity of care, damage, pain and suffering.

This destructive and intentional course of conduct by the Defendants unfortunately continued as Brass's condition deteriorated and he was seen by outside health care providers.

When Brass was transported to outside facilities, he was both handcuffed and in leg restraints and not allowed to take any notes, or given copies of any recommendations, treatment plans or prescriptions.

Claim Three continued

Bruss is informed and believes he has and continues to be denied:

- surgery to address his compressed spine
- surgery to address the nerve damage and carpal tunnel to his hands
- gabapentin
- other medications prescribed by the outside medical care providers

As to the medications Bruss is being provided

- the ~~[illegible]~~ baclofen has been stopped
- Lyrica not provided until September 2, 2020
  - the prison 'runs out' resulting in a disruption in the continuity of care (skipped doses) and worsening of symptoms and adverse effect on daily functioning.

The Defendants are well aware of Bruss's serious medical conditions through the medical examinations, diagnostic testing, and outside provider consultations and multiple requests for medications, further testing and surgeries, which was approved through medical staff both at HDSP and at the NDOC, and addressed in grievances, kites and consultations with Bruss.

The denials, delays, and interruptions to the continuity of care were the result of deliberate indifference of the Defendants which has caused, and continues to cause Bruss pain, suffering and damages to his serious medical conditions.

9) Have you filed other actions in state or federal courts involving same or similar facts as involved in this action? Circle one: Yes or No. If your answer is "Yes", describe each lawsuit. (If more than one, describe the others on an additional page answering the following questions).

a)
b)
c) Not applicable
d)
e)
f)

10) Have you filed an action in federal court that was dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted? Circle one: Yes or No. If your answer is "Yes" describe each lawsuit. (If you had more than three actions dismissed based on the above reasons, describe the others on an additional page answering the following questions.)
-NONE - LAWSUITS # 1, 2, OR 3

a)
b)
c) Not Applicable
d)
e)
f)

## D. Request for Relief

I believe I am entitled to the following relief:

- Damages as to all claims as allowed by law according to proof
- Injunctive Relief as allowed by law and deemed appropriate;
- Declaratory Relief as deemed appropriate;
- Any other necessary and proper relief allowed by law under the facts and circumstances

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. See 28 USC § 1746 and 18 USC § 1621.

Law clerk(s) at HDSP
(name of person who prepared or helped prepare this complaint if not the plaintiff)

George Brass
(signature of plaintiff)
George Brass # 1045449
1-11-2021
(date)