# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| George Brass, | Case No. 2:21-cv-00074-RFB-MDC |
| Plaintiff, | |
| vs. | **ORDER STRIKING PRO SE MOTION FOR STATUS CHECK (ECF NO. 83) AND GRANTING MOTION TO STRIKE (ECF NO. 87)** |
| Charles Daniels, et al., | |
| Defendants. | |

George Brass is an inmate that is being represented in this case by *pro bono* counsel. ECF No. 64. Plaintiff filed a *Pro se Motion for a Status Check* ("Plaintiff's Motion") on his own, without the assistance of his pro bono counsel. ECF No. 83. The defendants filed a *Motion to Strike* ("Defendants' Motion"): defendants argue that Plaintiff's Motion is improper because he is represented by *pro bono* counsel. ECF No. 87. No one opposed the Defendants' Motion. The Court GRANTS the Defendants' Motion and STRIKES the Plaintiff's Motion as improper.

The Court may use its inherent power to manage its docket "to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). This Court's Local Rules prohibit a represented party from filing documents on their own.  Local Rule IA 11-6(a).  "The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d). The Court notifies plaintiff that only his *pro bono* counsel may file briefs and motions in this case on his behalf. The Court also observes that no one opposed granting the Defendants' Motion. The Court grants the Defendants' Motion and strikes the Plaintiff's Motion.

**IT IS ORDERED** that:

1.  Defendants' *Motion to Strike* (ECF No. 87) is GRANTED.

2.  The Clerk of Court is directed to strike plaintiff's *Pro se Motion for a Status Check* (ECF No. 83) from the docket.

Dated:  September 18, 2024

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge