# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| George Brass,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>Charles Daniels, et al.,<br><br>                    Defendant(s). | 2:21-cv-00074-RFB-MDC<br><br>**ORDER GRANTING MOTION TO WITHDRAW (ECF No. 92) AND GRANTING MOTION FOR REFERRAL TO PROBONO PROGRAM (ECF No. 93)** |

This is a medical indifference case. Plaintiff George Brass is incarcerated High Desert State Prison. Plaintiff alleges that the defendants unreasonably delayed his medical treatment regarding his compressed spine. Pro bono counsel filed a *Motion to Withdraw* (*ECF No. 92*) because counsel's law firm has a new conflict because the firm will now be representing the State of Nevada, one of the defendants in this case. ECF Nos. 92 and 93. Mr. Brass does not oppose counsel withdrawing, and he filed a *Motion for Appointment of Replacement Pro Bono Counsel, ECF No. 93*. The Court held a hearing on the motions. ECF No. 96. At the hearing pro bono counsel explained that the Motion to Withdraw is based on the conflict of interest and is not Mr. Brass's fault. The Court preliminarily granted the Motion to Withdraw on the record, on the condition that pro bono counsel provide Mr. Brass with certain records. Counsel filed a notice of compliance with the Court's Order. ECF No. 97. Two weeks have elapsed, and Mr. Brass has not filed any objections to the notice of compliance. The Court also refers this case back to the pro bono program.

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether

'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

In its screening order, the Court found that the complaint states multiple colorable claims. In considering plaintiff's colorable claims, nothing has changed since the Court initially appointed pro bono counsel. ECF No. 54. The Court finds that this case continues to present exceptional circumstances that warrant appointment of counsel. This case is again referred to the Pro Bono Program adopted in the Third Amended General Order 2019-07 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as pro bono counsel for Mr. Brass. The scope of appointment will be for all purposes through the conclusion of trial. By referring this case to the Pro Bono Program, the Court is not expressing an opinion as to the merits of the case.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Counsel's *Motion to Withdraw as Attorney* (ECF No. 92) is GRANTED.

2. Plaintiff's Motion for Appointment of Replacement Pro Bono Counsel (ECF No. 93) is GRANTED.

3. This case is referred to the Pro Bono Program for appointment of counsel for the purposes identified herein.

4. The Clerk please forward this order to the Pro Bono Liaison.

DATED May 29, 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

2