**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

George Brass,

               Plaintiff(s),

vs.

Charles Daniels, et al.,

               Defendant(s).

**2:21-cv-00074-RFB-MDC**

**ORDER GRANTING MOTION FOR REFERRAL TO PROBONO PROGRAM (ECF No. 105)**

Pro se plaintiff George Brass filed a renewed *Motion for Referral to Pro Bono* ("Motion"). *ECF No. 105*. The Court **GRANTS** the Motion.

## I.   BACKGROUND

This is a medical indifference case. Plaintiff George Brass is incarcerated High Desert State Prison. Plaintiff alleges that the defendants unreasonably delayed his medical treatment regarding his compressed spine. Pro bono counsel withdrew because counsel's law firm agreed to represent the State of Nevada, which created a conflict in this case, and was not plaintiff's fault. *ECF Nos. 92, 93, and 96*. The Court referred this case back to the pro bono project at the Legal Aid Center of Southern Nevada ("Legal Aid Center"). *ECF No. 98*. Legal Aid Center filed a notice that states that it could not place plaintiff's case. *ECF No. 104*.

Plaintiff points out in his Motion that the notice states that Legal Aid Center advertised "Mr. Miller's case" more than once in the notice. *ECF No. 105, citing to ECF No. 104*. Plaintiff argues that it is unclear if Legal Aid Center advertised his case, or if his case was mixed up with Mr. Miller's case. *Id*. Plaintiff asks the Court to re-refer his case to Legal Aid Center to see if pro bono counsel can still be appointed, or at least to gain clarity regarding whether Legal Aid Center advertised his case.

## II.   LEGAL STANDARD

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil

1

rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

**III.   ANALYSIS**

In its screening order, the Court found that the complaint states multiple colorable claims. In considering plaintiff's colorable claims, nothing has changed since the Court initially appointed pro bono counsel. *ECF No. 54*. The plaintiff is correct that the notice from Legal Aid Center is unclear regarding whether it advertised plaintiff's case, or if his case was mixed up with Mr. Miller's case. While the Court agrees that this case continues to present exceptional circumstances that warrant appointment of counsel, the Court also notes that Legal Aid Center has limited resources and cannot always find pro bono counsel for litigants. The Court accepts plaintiff's arguments and refers this case back to Legal Aid Center so that it can (1) determine if there was a mix up with Mr. Miller's case or (2) it there is an error in the notice. Depending on the circumstances, Legal Aid Center can either advertise plaintiff's case or update the Court regarding whether the notice merely contained typographical errors. If Legal Aid Center determines that it has already advertised plaintiff's case, it may also determine whether it will advertise plaintiff's case a second time, at its discretion.

ACCORDINGLY,

**IT IS ORDERED that:**

1.   Plaintiff's Motion for Appointment of Replacement Pro Bono Counsel (ECF No. 105) is **GRANTED.**

2.  This case is referred to the Pro Bono Program for appointment of counsel for the purposes identified herein.

3.  The Clerk please forward this order to the Pro Bono Liaison.

DATED January 27, 2026.

IT IS SO ORDERED.



_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**